# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JUDITH SCRASE, | ) |
| Plaintiff, | ) Case No. 2:11-cv-01564-PMP-CWH |
| vs. | ) **ORDER AND FINDINGS** |
| | ) **AND RECOMMENDATION** |
| WILLIAM K. DICKINSON, | ) Application to Proceed *In Forma* |
| | ) *Pauperis* (#1) and Screening of |
| Defendant. | ) Complaint |

This matter is before the Court on Plaintiff's Application to Proceed in Forma Pauperis (#1), filed on September 28, 2011.

## BACKGROUND

Plaintiff alleges that on December 17, 2007 Defendant William K. Dickinson allowed a title transfer of Plaintiff's mobile home space in The Lake Mead RV Village without compensation to Plaintiff. The RV Village is operated by a private contractor hired by the United States government. Dickinson is the superintendent of the RV Village.

Plaintiff states that she signed a second rental agreement for a mobile home space in July 2003. This agreement allowed Plaintiff and her sons to occupy the space 180 days each year. Plaintiff contends that she was a model tenant who timely paid monthly rent and did not violate any of the national park operating standards that would warrant eviction. Plaintiff alleges that without cause, Defendant Dickinson returned her monthly payments and initiated eviction proceedings against her.

On November 1, 2006 Plaintiff appealed in writing to Defendant Dickinson, as required by the rules and regulations of presumably the RV Village. Plaintiff then attempted to sell her mobile home, but prospective buyers were refused a rental agreement with the RV Village.

Plaintiff initiated a lawsuit on October 12, 2007 against Commissioner Gary Wirth and The Lake Mead RV Village.[1] Plaintiff brought a second lawsuit on February 13, 2008 naming Nevada Parks & Recreation Service, Richard Dickinson and Gary Wirth as Defendants. *See Scrase v. Dickinson, et al.*, No. 2:08-cv-00190-PMP-PAL. In screening Plaintiff's complaint, the Court determined that Plaintiff was unable to state a claim upon which relief could be granted, and allowed her thirty days in which to file an amendment. *See id*. (Dkt. # 2). Plaintiff filed an amended complaint on April 7, 2008. (Dkt. # 4). Magistrate Judge Leen again determined that Plaintiff failed to allege a claim upon which relief could be granted, and allowed Plaintiff to file an amendment within thirty days. (Dkt. #5). Plaintiff failed to do so. On September 25, 2008 District Judge Pro issued an order affirming Magistrate Leen's Order, and dismissing the case without prejudice. (Dkt. #6). The next day, Plaintiff alleges that RV Village employees destroyed her mobile home.

Plaintiff filed a new suit on December 21, 2009. *See Scrase v. Dickinson, et al.*, No. 2:09-cv-02398-RLH-GWF. This suit initially named William K. Dickinson and the National Park Service as Defendants. The Court dismissed Plaintiff's complaint with leave to amend on March 3, 2010. (Dkt. # 2). Plaintiff filed an amendment on August 5, 2010, removing the National Park Service as a defendant. (Dkt. # 4). The complaint alleges that Dickinson, as a federal officer, violated the Takings Clause of the Fifth Amendment. This complaint was filed and summons issued to Defendant William K. Dickinson. Defendant filed a Motion to Dismiss on February 7, 2011. (Dkt. # 24). Plaintiff responded in opposition. (Dkt. # 26). Judge Hunt granted Defendant's Motion to Dismiss (Dkt. # 34), and determined that Plaintiff failed to state a claim upon which relief could be granted. In dismissing Plaintiff's action, the Court noted that a

---

[1] Plaintiff's complaint does not provide a citation to this lawsuit. It is unclear where the lawsuit was filed. The Court can find no record of this case in the District of Nevada's filing system.

1  *Bivens* claim has not been extended to the Takings Clause of the Fifth Amendment, and that the
2  Tucker Act serves as an alternative, equally effective remedy for alleged Takings Clause
3  violations. Thus, this case was dismissed with prejudice on August 24, 2011.
4        The instant action was filed on September 26, 2011. In this case, Plaintiff expressly
5  brings her claim under "The Tucker Act" in excess of $10,000. The complaint states that "[a]ll
6  cases [filed by Plaintiff] allege the same facts and allegations, and the same rights, the same
7  parties and causes of action and Plaintiff requests that this case be deemed a continuance of the
8  proceeding cases." (Dkt. # 1-1).

## DISCUSSION

### I. Application to Proceed In Forma Pauperis

Plaintiff filed this instant action and attached a financial affidavit to her application and complaint as required by 28 U.S.C. § 1915(a). Reviewing Scrase's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. As a result, Plaintiff's request to proceed *in forma pauperis* in federal court is granted.

### II. Screening the Complaint

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant/Third Party Plaintiff who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint under §

1915(e), the plaintiff should be given leave to amend the complaint with directions as to how to cure its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### A.     Federal Question Jurisdiction

Pursuant to 28 U.S.C. § 1331, federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983)). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* Plaintiff alleges a claim under The Tucker Act in excess of $10,000. Jurisdiction for this type of claim belongs exclusively to the United States Court of Federal Claims. 28 U.S.C. § 1491; *see also* 28 U.S.C. § 1346(a). Thus, the Court finds that federal question jurisdiction does not exist at this time in this court.

### B.     Diversity Jurisdiction

Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." Plaintiff asserts that her mobile home was appraised at $24,448.00. She claims that the appraisal costs $300.00. Plaintiff requests these amounts plus "punitive damages, culpable negligence, pain and suffering, and other awards and interests as the Court may deem just and appropriate." Plaintiff does not provide an amount for these types of damages.

Further, Plaintiff does not provide the state of citizenship of Defendant Dickinson. Because it is not clear that Plaintiff's damages exceed $75,000 in this matter or that the

controversy is between citizens of different states, Plaintiff has failed to demonstrate subject matter jurisdiction based on diversity.

### C. Failure to State a Claim

Plaintiff expressly brings her claim under the Tucker Act, in excess of $10,000. The Tucker Act, codified as 28 U.S.C. § 1491, provides the following:

> The Court of Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

The Act is "itself only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S. 392, 398 (1976). Jurisdiction of the "Tucker Act is limited to claims under the 'takings clause' of the Fifth Amendment." *Larsen v. U.S. Navy*, 346 F.Supp.2d 122, 130 (D.D.C. 2004) (quoting *Clark v. Library of Congress*, 750 F.2d 89, 104 n. 31 (D.C. Cir. 1984). Plaintiff alleges a takings clause violation. However, Plaintiff's claim is in excess of $10,000. Jurisdiction for this claim resides solely with the Federal Claims Court, as described above.

Plaintiff further alleges the following state law claims: interference with prospective business and intentional infliction of emotional distress. Tort claims in Nevada are governed by the statute of limitations set forth in NRS 11.190(4)(e). This statute establishes a two-year limitations period. Plaintiff claims that Defendant violated her rights in December 2007 and September 2008. Plaintiff commenced this action on September 28, 2011, which is more than two years after the alleged conduct. Thus, Plaintiff's state law claims are barred by the applicable statute of limitations.

Even if Plaintiff could establish jurisdiction with this Court, Plaintiff's claim would be barred by the doctrine of res judicata. "Res judicata (or claim preclusion) bars all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties . . . on the same cause of action." *Gregory v. Windall*, 153 F.3d 1071, 1074 (9th Cir. 1998) (quoting *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982)). Res judicata is applicable whenever there is (1) an identity of claims; (2) a final judgment on the

merits, and (3) the same parties or privity between parties. *Filion v. CMS-Carrington Mortg. Servs., LLC*, No. 3:10-CV-00308, 2010 WL 2954228, at *2 (D. Nev. July 23, 2010) (citing *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003)). The purpose of the doctrine is to "limit to one the number of times a defendant can be vexed by the same claim or issue and [to] promote efficiency in the judicial system by putting an end to litigation." *Sierra Pacific Power Co. v. Craigie*, 738 F.Supp. 1325, 1327 (D. Nev. 1990) (quoting *Gilbert v. Ben-Asher*, 900 F.2d 1407, 1410 (9th Cir. 1990)).

"The central criterion in determining whether there is an identity of claims between the actions is whether the two suits arise out of the same transactional nucleus of fact. *Filion*, 2010 WL 2954228, at *2 (citing *Frank v. United Airlines*, 216 F.3d 845, 851 (9th Cir. 2000)). Plaintiff's current case arises out of the exact same set of facts as her previous cases, as she expressly notes in the complaint. Plaintiff's cases involve the same allegations under the takings clause, but simply implements different jurisdictional vehicles to attempt to state a claim. Plaintiff's last action was dismissed by the Court. *See Scrase v. v. Dickinson, et al.*, No. 2:09-cv-02398-RLH-GWF (D. Nev. Sept. 26, 2011). Federal Rule of Civil Procedure 41 provides that "a dismissal . . . operates as an adjudication upon the merits." Further, all of Plaintiff's filed cases name William K. Dickinson as a defendant. Thus, all elements of res judicata have been met and Plaintiff is precluded from bringing the instant claim.

Plaintiff's Complaint therefore fails to state a claim upon which relief can be granted. Plaintiff would be unable to cure any defects by amending the complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis (#1) is **granted**. Plaintiff shall not be required to pre-pay the full filing fee of three hundred fifty dollars ($350.00).

**IT IS FURTHER ORDERED** that the movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Complaint (#1-1).

### RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's Complaint (#1-1) be **dismissed with prejudice** because Plaintiff failed to allege a claim from which relief can be granted, and this failure cannot be cured through amendment.

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 19th day of December, 2011.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge